**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| **JAMES E. ROSS AND VIVIAN ROSS** | **CIVIL ACTION** |
| **VERSUS** | **NUMBER 12-188-FJP-DLD** |
| **JONATHAN JEANSONNE AND STATE FARM INSURANCE COMPANY** | |

**MAGISTRATE JUDGE'S REPORT**

This personal injury matter is before the court on plaintiffs' motion to remand (rec. doc. 4), which is opposed and has been referred to the undersigned for a report and recommendation (rec. docs. 6 and 8). This matter was removed based on diversity jurisdiction, 28 U.S.C. §1332, and the issue before the court is whether defendant State Farm has met its burden of establishing that the requirements of diversity of citizenship and amount in controversy are satisfied.

**Factual Background**

On March 19, 2011, plaintiff Vivian Ross was driving a 2008 GMC Yukon eastbound in the inside lane on Evangeline Street in Baton Rouge, Louisiana, with her husband, plaintiff James E. Ross, Jr., riding as a passenger in the vehicle. At the same time, defendant Jonathan Jeansonne was driving a 2008 GMC Sierra eastbound in the outside lane on Evangeline Street, behind the Ross vehicle. Plaintiffs allege that approximately 150 feet before the intersection of Evangeline Street and Plank Road, the Ross vehicle signaled that it intended to move from the inside lane into the outside land, moved completely into the outside lane of traffic, and began to take a right turn on Plank Road, at which time it was struck from the rear and at the right corner of the vehicle by the

Jeansonne vehicle (rec. doc. 1-3). Plaintiffs allege that the collision resulted in property damage to the vehicle and physical and mental injuries to plaintiffs.

On March 13, 2012, plaintiffs brought suit in the 19th Judicial District Court, Parish of East Baton Rouge, State of Louisiana, against defendants Jeansonne and State Farm Fire & Casualty Company (improperly named State Farm Insurance Company), as insurer of the 2008 GMC Sierra (Jeansonne vehicle), and, alternatively, in the event that defendant Jeansonne is found not liable, plaintiff James Ross brought a claim against State Farm, as insurer of the 2008 GMC Yukon (Ross vehicle) arising out of the negligence of Vivian Ross[1](rec. doc. 1-3). Plaintiffs James Ross and Vivian Ross seek past, present, and future damages for medical expenses; permanent bodily impairment, disfigurement, and scarring; loss of earning and/or loss of earning capacity; physical pain; mental anguish; inconvenience. Plaintiffs also seek reciprocal loss of consortium. Id.

On April 3, 2012, defendant State Farm, as alleged liability carrier for James Ross and Vivian Ross, removed this matter based on diversity jurisdiction, 28 U.S.C. §1332 (rec. docs. 1). The basis for removal was clarified in the amended notice of removal, which alleges that plaintiffs are citizens of Mississippi; State Farm is incorporated in Illinois and has its principal place of business in Illinois; defendant "Jeansonne is alleged to be a resident of Louisiana," and the amount in controversy exceeds $75,000 (rec. doc. 2). Thereafter, plaintiffs filed a motion to remand and a request for costs and attorney's fees, which is now before the court for consideration (rec. doc. 4).

---

[1] Plaintiff James Ross alleges, in the alternative, that Vivian Ross was negligent in failing to maintain a proper lookout and driving while inattentive (rec. doc. 1-3).

**Arguments of the Parties**

Plaintiffs argue that defendant State Farm has failed to establish that the requirements of diversity of citizenship and amount in controversy are satisfied in this matter; therefore, the motion to remand should be granted. Plaintiffs contend that *at the time of the accident*, they were residents and domiciliaries of Louisiana. In support of their position, plaintiffs offer the affidavit of James Ross who states that *at the time of the accident,* he was a resident and domiciliary of Louisiana and owned another home in Mississippi, he worked and filed taxes in Louisiana, he was a member of a church in Louisiana, his place of business was located in Louisiana, and his child was enrolled in the Monroe City School System; the accident report; and copies of plaintiffs' Louisiana drivers licenses to prove that they were citizens of Louisiana at the time of the accident (rec. doc. 4). Further, plaintiffs argue that they did not allege that their claims exceed $75,000, and at the time of removal, defendants had not conducted discovery and medical records had not been produced that would have allowed defendants to make a determination that plaintiffs' claims exceed $75,000. Id.

Defendant State Farm responds by arguing that the amount in controversy is facially apparent based on the allegations in the petition and plaintiffs' failure to include a statement that the damages in this matter are less than the requisite amount to establish federal subject matter jurisdiction as required by La. Code Civ. P. Art. 893. Additionally, State Farm offers summary judgment-type evidence in the form of a prepetition demand letter from plaintiffs that seeks the "policy limits" of $100,000 to establish the amount in controversy in this matter. With respect to diversity of citizenship, State Farm argues that plaintiffs are citizens of Mississippi. Defendant State Farm argues that the 2008 Yukon

involved in the accident had a Mississippi license plate and the witness statement filled out by plaintiff James Ross at the time of the accident lists his address as "Madison, Mississippi" (rec. doc. 4-1, p. 8).  Further, State Farm offers an affidavit of its insurance agent who attests that plaintiffs have the following ties to Mississippi that should be considered to establish Mississippi citizenship: the State Farm insurance policy is a Mississippi policy; the policy address is 201 Forest Lake Drive, Madison, Mississippi; the policy was issued through a Mississippi agent; and all communication in the form of explanation of benefits under the policy was sent to the address in the State of Mississippi (rec. doc. 8-1, Exhibit 1).  Defendant State Farm contends that it has established that subject matter jurisdiction exists in this matter, and the motion to remand should be denied.

**Discussion**

The removal statute, 28 U.S.C. §1441, is strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand. *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278 (5th Cir. 2007); *Shamrock Oil & Gas Corp. V. Sheets*, 313 U.S. 100, 108-109, 61 S.Ct. 868, 872, 85 L.Ed. 1214 (1941).   Remand is proper if at any time the court lacks subject matter jurisdiction. See 28 U.S.C. §1447(c).  The party seeking removal has the burden of proving diversity jurisdiction. *Garcia v. Koch Oil Co. of Texas, Inc.,* 351 F.3d 636 (5th Cir. 2003), *citing Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998).   This matter was removed based on diversity jurisdiction, 28 U.S.C. §1332; therefore,  defendant must establish that the parties are of diverse citizenship, which must

exist at the time the action is commenced and at the time of removal to federal court, *Coury v. Port*, 85 F.3d 244, 249 (5th Cir. 1996), and that the amount in controversy is satisfied.[2]

Both diversity of citizenship and amount in controversy are issues in this matter. Plaintiffs and defendant State Farm dispute heavily plaintiffs' citizenship - whether Louisiana or Mississippi - for purposes of establishing diversity jurisdiction. Defendant, however, failed to properly allege the citizenship of State Farm in its notices of removal and all parties overlook the impact State Farm's citizenship has on establishing diversity jurisdiction in this matter.

The petition includes a claim by plaintiffs James and Vivian Ross against Jeansonne and his insurer State Farm and an alternative claim by plaintiff James Ross against his wife Vivian Ross and a direct action against their insurer State Farm for the alleged negligence of Vivian Ross (rec. doc. 1).[3] The petition specifically states, [u]pon reasonable belief, both defendants Jeansonne and Ross vehicles were insured by State Farm Insurance Company, and it should be held liable whether either are determined to be liable" (rec. doc. 1-3, ¶17). For purposes of diversity jurisdiction, the citizenship of an insurer defendant is determined as follows:

> (1) a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business, except that in any direct action against an insurer of a policy or contract of liability insurance, whether incorporated or unincorporated, to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of –

---

[2] Plaintiff James Ross's affidavit incorrectly focuses on the facts at the time of the accident instead of the facts at the time suit was filed and at the time of removal.

[3] Pursuant to La. R.S. 22:1269, an injured party may bring a direct action against an insurer and is not required to named the insured if the cause of action is between married persons.

> (A) every State and foreign state of which the insured is a citizen;
> (B) every State and foreign state by which the insurer has been incorporated; and
>
> (C) the State or foreign state where the insurer has its principal place of business.

See 28 U.S.C. §1332(c)(1)(A)-(C).

Thus, defendant State Farm, in its capacity as insurer for James and Vivian Ross, is deemed to be a citizen of Illinois (State of State Farm's incorporation and principal place of business) and a citizen of the State where its insureds (James and Vivian Ross) are citizens. The court need not determine the citizenship of plaintiffs James and Vivian Ross because regardless of whether they are citizens of Louisiana or Mississippi, pursuant to 28 U.S.C. §1332(c)(1)(A), defendant State Farm is deemed to be a citizen of whichever State they are deemed to be citizens. As a result, diversity of citizenship cannot exist in this matter, and the motion to remand should be granted. Because defendant State Farm has failed to establish that diversity of citizenship is satisfied, it is not necessary to address the amount in controversy.

Plaintiffs request reimbursement of their costs and attorney's fees incurred in filing their motion to remand as allowed by 28 U.S.C. §1447(C). Section 1447(c) provides that an order remanding a case "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." The award is within the discretion of the district court and is to be guided by the standard that, "[a]bsent unusual circumstances, courts may award attorney's fees under §1447(c) only where the removing party lacked an objectively reasonably basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 126 S.Ct. 704, 163 L.Ed.2d 547 (2005). "Conversely, when an

objectively reasonable basis exists, fees should be denied." Id. at 711. Although the citizenship particulars for an insurer defendant in a direct action are clearly set forth in 28 U.S.C. §1332(c), they are often overlooked, as was done in this matter. Both parties focused instead on the facts necessary to prove citizenship, which was heavily disputed, and the amount in controversy, rather than the effect that proper allegations of citizenship would have on this matter. Thus, plaintiffs' request for attorneys' fees and costs should be denied. Accordingly,

**IT IS RECOMMENDED** that plaintiffs' motion for remand (rec. doc. 4) should be **GRANTED IN PART AND DENIED IN PART** in that the motion for remand is **GRANTED** and this matter be **REMANDED** to the 19th Judicial District, Parish of East Baton Rouge, State of Louisiana, and that the request for attorney's fees and costs be **DENIED.**

Signed in Baton Rouge, Louisiana, on May 25, 2012.

_____

**MAGISTRATE JUDGE DOCIA L. DALBY**

| JAMES E. ROSS AND VIVIAN ROSS | CIVIL ACTION |
|---|---|
| VERSUS | NUMBER 12-188-FJP-DLD |
| JONATHAN JEANSONNE AND STATE FARM INSURANCE COMPANY | |

## **NOTICE**

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U.S. District Court.

In accordance with 28 U.S.C. §636(b)(1), you have 14 (fourteen) days from date of receipt of this notice to file written objections to the proposed findings of fact and conclusions of law set forth in the Magistrate Judge's Report. A failure to object will constitute a waiver of your right to attack the factual findings on appeal.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on May 25, 2012.

_____
**MAGISTRATE JUDGE DOCIA L. DALBY**